IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL NEWMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 21-1546-RGA |
| STATE OF DELAWARE DIVISION OF PUBLIC HEALTH, | : |
| Defendant. | : |

Shantell Newman, Wilmington, Delaware.  Pro Se Plaintiff.

## MEMORANDUM OPINION

April 8, 2022
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Shantell Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action seeking information under the Freedom of Information Act. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff sues Defendant Delaware Division of Public Health under the Freedom of Information Act seeking information under the Clean Air Act, 42 U.S.C. § 7604(b)(1)(B). (D.I. 2 at 4-5). She wants information about the air she is breathing, PFA's (i.e., polyflouroalkyls) in the water, hormones in food, and warning labels for sugar. She seeks compensatory damages.

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be

1

held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id*.

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth;

2

and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff seeks information from Defendant, a state agency, under the Freedom of Information Act. She does not seek information from a federal agency. As pled, it does not appear that Plaintiff has actually sought any information from Defendant and, instead, wants the Court to obtain it for her. To the extent Plaintiff alleges a FOIA violation under Delaware Law, *see* 29 Del. C. § 10005, she must seek an administrative review before filing suit in court. *See Korn v. Wagner*, 2011 WL 4357244, at *2 (Del. Ch. Sept. 7, 2011) (citing 29 Del. C. §§ 100005(b) & (e)). A person denied access to public records must present a petition and all supporting documentation to the Chief Deputy Attorney General, who must then render a written determination declaring whether a violation has occurred. *Id.* Only after Chief Deputy's determination is made, may the petitioner or public body appeal the matter to the Superior Court. *Id.* Here, there is no indication that Plaintiff exhausted her administrative remedies under Delaware law.

The same is true to the extent Plaintiff seeks information from an unnamed federal agency. "[T]he FOIA requires exhaustion of the administrative appeals process

3

before an individual may seek relief in the district court." *McDonnell v. United States*, 4 F.3d 1227, 1240 (3d Cir. 1993). A plaintiff exhausts administrative remedies when she appeals an agency's response to her FOIA request, and the agency fails to respond to the appeal within the appropriate time limit, denies the appeal, or makes an adverse determination. 5 U.S.C. § 552(a)(6)(A)(i)-(ii), (C). "When a plaintiff has not exhausted administrative remedies, the court can dismiss the complaint *sua sponte* for failure to state a claim." *Davis v. FBI*, 2013 WL 6852351, at *3 (D. Del. Dec. 27, 2013) (citing *Isasi v. Office of Attorney Gen.*, 594 F. Supp. 2d 12, 13 (D.D.C. 2009)).

The Complaint fails to state a claim for relief. Therefore, it will be dismissed. There is no basis for the Court to exercise jurisdiction over a FOIA request to a state agency. Amendment is therefore futile.

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Amendment is futile.

An appropriate Order will be entered.

4